### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **LEROY WAFER,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No.  3:14-CV-0976-M-BH** |
| | ) | |
| **EDGAR MOLINA, et. al,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for pretrial management.  Based on the relevant filings and applicable law, the case should be **DISMISSED** as frivolous.

## I.  BACKGROUND

Leroy Wafer (Plaintiff) brings this action under 42 U.S.C. § 1983 against: (1) Officers Edgar Molina and Adrian Velazquez of the Dallas Police Department in their official capacities; (2) the Dallas Police Department; (3) the Dallas County Jail; and (4) the Commander Chief of the Dallas County Jail.  (Compl. at 1; Magistrate Judge's Questionnaire (MJQ) Ans. 1-3).[1]  Plaintiff alleges that on October 7, 2013, he was falsely arrested and accused of family violence by Molina and Velazquez.  On November 14, 2013, the Grand Jury no billed the family violence charge, but he was held in the Dallas County jail until February 20, 2014.  He claims that his continued detention was illegal because his parole was not revoked as a result of the charge.  (MJQ Ans. 1-2, 4-5).  He seeks monetary damages and injunctive relief.  (MJQ Ans. 6).  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff has been permitted to proceed *in forma pauperis*.  Because he is proceeding *in*

---

[1]     Answers to the questions posed by the Court constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*forma pauperis*, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §

1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion

thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may

be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on

an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in

*Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at

issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v.*

*Lyons*, 74 F.3d 99, 102 (5th Cir. 1996). A complaint fails to state a claim upon which relief may be

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient

to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels

and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a

claim upon which relief may be granted. *Id.*

### III.  SECTION 1983

Plaintiff brings this action under § 1983, which "provides a federal cause of action for the

deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the

Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To

state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right

secured by the Constitution and the laws of the United States and (2) the deprivation occurred under

2

color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.   **Non-Jural Entity**

Plaintiff names the Dallas Police Department and the Dallas County Jail as defendants. (Compl. at 1; MJQ Ans. 3).[2]  A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself."  *Id.* at 313.  The Dallas Police Department and the Dallas County Jail are not jural entities subject to suit.  *See*, *e.g.*, *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998).  The claims against the Dallas Police Department and the Dallas County Jail should therefore be dismissed.

B.   **Unlawful Seizure/False Arrest**

Plaintiff sues Molina and Velazquez for falsely arresting him on a charge of family violence, for which he was never indicted. (Compl. at 1; MJQ Ans. 1, 2).

The Fourth Amendment of the United States Constitution prohibits unreasonable searches and seizures.  Generally, a search or seizure without probable cause or warrant is a violation of the Fourth Amendment. *See United States v. Jones*, 234 F.3d 234, 239 (5th Cir.2000); *Mangieri v.*

---

[2]  The questionnaire expressly advised Plaintiff that the DPD was a non-jural entity that was not subject to suit and gave him an opportunity to name additional defendants. (MJQ Ans. 3.)  Plaintiff elected to proceed against the DPD and also added the jail as a defendant. *Id.*

*Clifton*, 29 F.3d 1012, 1016 (5th Cir.1994) ("The right to be free from arrest without probable cause is a clearly established constitutional right."). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir.1984) (*citing Rodriguez v. Ritchey*, 556 F.2d 1185, 1191 (5th Cir.1977) (en banc)). Where there is no facially valid warrant, probable cause to arrest exists when there is a fair probability that an offense occurred. *Piazza v. Mayne*, 217 F.3d 239, 246 (5th Cir.2000). This occurs where the totality of the facts and circumstances within an officer's knowledge at the time of the arrest were sufficient for a reasonable person to conclude that a suspect had committed or was committing an offense. *Mesa v. Prejean*, 543 F.3d 264, 269 (5th Cir. 2008), *citing United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). A fair probability that an offense is being committed or was committed requires more than a bare suspicion, but less than a preponderance of the evidence. *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001). If the facts of an arrest are placed before an intermediary party, such as a grand jury, and the grand jury indicts a plaintiff on the charge, there is no viable false arrest claim because the indictment breaks the chain of causation for a false arrest claim. *Cuadra v. Houston ISD*, 626 F.3d 808, 813 (5th Cir. 2010); *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994).

Here, Plaintiff specifically elected to only sue Molina and Velazquez in their official capacities. (MJQ Ans. 1, 2).[3] An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Plaintiff's suit against the officers in their official capacities is therefore a suit

---

[3] Because Plaintiff expressly elected to only sue these defendants in their official capacities (MJQ Ans. 1, 2), his complaint is not liberally construed as also asserting claims against them in their individual capacities.

against their employer, the City of Dallas.  Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior.  42 U.S.C. § 1983*; see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).  Rather, a municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights.  *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978).  The plaintiff must show an "underlying claim of a violation of rights" as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).

Here, Plaintiff does not allege either a policy or custom of falsely arresting suspects.  A single incident does not show a policy or custom.  *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009).  Moreover, in general, "single constitutional violations" are insufficient to infer a custom or policy.  *Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001).  He instead asserts that Molina and Velazquez arrested him, not based on any policy or custom, but because of their own racial animus against him personally. (Compl. at 1).  Without enough facts to permit the inference of an official custom or policy that resulted in Plaintiff's alleged false arrest and detention, any claims against Molina and Velazquez in their official capacities necessarily fail and should be dismissed.  *See McClure v. Biesenbach*, 355 Fed. App'x 800, 803-04 (5th Cir. 2009) (finding that Plaintiffs must plead facts showing that a policy or custom existed to state a claim and affirming dismissal of municipal liability claims because the complaint alleged insufficient facts).

C.    **Illegal Detention**

Plaintiff states that the head officials at the Dallas County jail should have known that he was

no billed by the grand jury, and that the Commander Chief is in charge of the jail. To the extent that these statements may be liberally construed as a claim against the Commander Chief, the claim is also subject to dismissal. Assuming for purposes of screening that Plaintiff was illegally detained for two months after he was no-billed, supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or respondeat superior liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir. 2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff cannot make generalized allegations. *Howard v. Fortenberry,* 723 F.2d 1206 (5th Cir.1984).

Plaintiff does not allege that the Commander Chief was personally involved in the decision to keep him detained past November 12, 2013, or that he was deliberately indifferent to his illegal detention. He only claims that the head officials should have known his circumstances. Plaintiff has failed to allege sufficient facts to state a claim against the Commander Chief, and any such claim should be dismissed.

## V.  RECOMMENDATION

The Court should **DISMISS** the complaint with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

6

**SIGNED this 13th day of June, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7